After a conference by the Judges on the subject,
BROCKENBROUGH, J.,
now delivered the following opinion of trie Court:
The prisoner was charged, before the Superior Court of Law for Henrico county, under the 16th section (a) of the Penitentiary Act, as being a second time convicted of a felony, and in pursuance of such second sentence, with having . been received into the Penitentiary. Being required to say whether he was the same person mentioned in each of the records of conviction set forth in the Information, he, in open Court, acknowledged that he was the same person. A jury being thereupon impan-elled and sworn, to ascertain the term of his imprisonment in the Public Jail and Penitentiary, did ascertain it to be ten years. The Court doubting whether it had any power to sentence him to any portion of confinement in the Solitary Cells thereof, adjourned that question to this Court, for its decision.
This Court is of opinion, that the 12th section (a) of the Act which directs that “the Court shall ascertain, in their sentence, the time of confinement in the Solitary Cells,” applies to all convictions provided for by every olher section of the Act. If the Superior Court of Law for Nelson county, before whom this prisoner was convicted of a second offence, had been apprised of his having been before convicted and sentenced to the Penitentiary, and if he had been there proceeded against for this second offence, as he well might, under the 14th section (a) of the Act, it would have been the duty of that Court to have applied to the Case the rule prescribed by the 12th section, as to confinement in the Solitary Cells.
The Superior Court of Nelson having failed to adjudge him to receive the punishment prescribed for a second offence, it became the duty of the Superior Court of Henrico to proceed against him conformably to the directions of the 16th section of the Act; and that section directs, that the *said Court “shall pronounce sentence upon the said convict, of confinement in the said Jail and Penitentiary-house, as is herein provided.” Whatever judgment, then, the Court of Nelson ought to have rendered, if the whole Case had been before it, ought now to be rendered by the Superior Court of Henrico.
This Court doth therefore decide, “that the Superior Court of Law for Henrico county, has power to sentence the said John Bryant, otherwise called John Hopkins, to a portion of confinement in the Solitary Cells of the Public Jail and Penitentiary-house.” Which is ordered to be certified to the said Superior Court.

 1 Rev. Code of 1819, p. 619, 620.

 1 Rev. Code of 1819, p. 619, 620.